This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Daniel Beeghley has appealed from his conviction in the Wayne County Court of Common Pleas for arson. This Court affirms in part, reverses in part, and remands for further proceedings.
 I.
{¶ 2} As a preliminary matter, we note that the state did not file an appellate brief. Therefore, this Court may accept Appellant's statement of the facts and issues as correct. See App.R. 18(C).
{¶ 3} Appellant was indicted by the Wayne County Grand Jury on one count of arson, in violation of R.C. 2909.03(A)(1). The indictment alleged that the property that was the subject of the arson had a value in excess of five hundred dollars, elevating the seriousness of the offense to a fourth degree felony. Appellant entered a plea of not guilty, and the matter proceeded to a trial before the court. The court thereafter found Appellant guilty, and also found that the property in question had a value of more than five hundred dollars. The court then sentenced Appellant to a prison term of seventeen months.
{¶ 4} Appellant has timely appealed, asserting two assignments of error which we have rearranged to facilitate review.
 II. Assignment of Error Number Two
{¶ 5} "THE TRIAL COURT ERRED IN NOT SUSTAINING [APPELLANT'S] MOTION FOR ACQUITTAL ON THE FOURTH DEGREE FELONY CHARGE, INASMUCH AS THE EVIDENCE OF VALUE OR PHYSICAL HARM IN EXCESS OF FIVE HUNDRED DOLLARS WAS INSUFFICIENT AS A MATTER OF LAW."
{¶ 6} In his second assignment of error, Appellant has argued that the trial court erred in denying his motion for acquittal made at the close of the state's case pursuant to Crim.R. 29(A). Appellant has contended that the state failed to adduce sufficient evidence that the value of the property or the amount of physical harm involved in the alleged arson was five hundred dollars or more.
{¶ 7} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment *** if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing the legal sufficiency of the evidence to support a criminal conviction, it is the function of this Court:
{¶ 8} "To examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
{¶ 9} "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 386. A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id.
{¶ 10} R.C. 2909.03(A)(1) provides:
{¶ 11} "(A) No person, by means of fire or explosion, shall knowingly do any of the following:
{¶ 12} "(1) Cause, or create a substantial risk of, physical harm to any property of another without the other person's consent[.]"
{¶ 13} R.C. 2909.03(B)(2)(a) provides that a violation of R.C.2909.03(A)(1) is a misdemeanor of the first degree, except as otherwise provided in R.C. 2909.03(B)(2)(b). R.C. 2909.03(B)(2)(b), in turn, provides that a violation of R.C. 2909.03(A)(1) is a felony of the fourth degree "[i]f the value of the property or the amount of the physical harm involved is five hundred dollars or more[.]"
{¶ 14} "When a person is charged with a violation of [R.C.2909.03(A)(1)] involving property value or an amount of physical harm of five hundred dollars or more *** the jury or court trying the accused shall determine the value of the property or amount of physical harm and, if a guilty verdict is returned, shall return the finding as part of the verdict." R.C. 2909.11(A).
{¶ 15} The finding and return of the value or amount of physical harm need not specify an exact value or amount, and is sufficient if it includes a statement that the value or amount was five hundred dollars or more. R.C. 2909.11(A)(1).
{¶ 16} Appellant has not contested his conviction for arson pursuant to R.C. 2909.03(A)(1). Rather, Appellant has challenged on appeal the elevation of the offense from a first degree misdemeanor to a fourth degree felony. Specifically, Appellant has maintained that the evidence adduced by the state was insufficient to allow a reasonable factfinder to conclude, beyond a reasonable doubt, that the "value of the property or the amount of the physical harm involved is five hundred dollars or more." See R.C. 2909.03(B)(2)(b).
{¶ 17} Volunteer firefighter David Durstine of the Apple Creek Fire Department testified that he was one of the firefighters who responded to the fire scene in May 2001. Mr. Durstine testified: "[T]here was a small fire on the front porch in which was some lattice work had been burning and I had extinguished that fire with a fire extinguisher." Mr. Durstine also identified photographs of the latticework that were later admitted into evidence. The pictures showed that the remaining latticework was charred around a hole that appeared to be less than two feet in diameter.
{¶ 18} Robert Bixler, the owner of the property that burned, also testified at the trial. According to Mr. Bixler, the building had once been a gas station and had also been a hotel, but had been vacant for the last three or four years. Mr. Bixler told the court that he purchased the building in 1990 for $28,500, and he stated that the property was still worth $28,500 in May 2001 when the arson was committed. However, Mr. Bixler also testified that there had been two previous fires at the building, and that "the damage from the water, that the fire department used [during the two previous fires] just totally wiped out what we felt was the value of the building." Mr. Bixler had the building demolished in July 2001.
{¶ 19} The state's next witness was Brian Peterman, an employee of the state fire marshal division of the Ohio Department of Commerce. Mr. Peterman testified that he arrived at the scene after the fire had been extinguished, and conducted an investigation of the building. Mr. Peterman gave the following description of the damage caused by the fire:
{¶ 20} "[T]he fire had consumed pretty much the center portion as you can see which is about a 12 inch diameter pattern that appeared to have some type of material that was stuffed or placed into the lattice and then that material there was ignited and then it in turn getting hot enough to catch the lattice board on fire and consuming that in the fire."
{¶ 21} Mr. Peterman testified that he filed a report after his investigation of the fire, in which he estimated that the cost of the damage was three hundred dollars.
{¶ 22} At the close of the state's evidence, Appellant moved for acquittal on the fourth degree felony charge on the ground that the state failed to adduce sufficient evidence that the value of the property or amount of physical harm involved was five hundred dollars or more. The state responded in opposition, citing Mr. Bixler's testimony that the value of the property at the time of the offense was $28,500. The court then denied the motion, stating "there's been no evidence that the physical harm was more than $500 but there is evidence that the property is worth more than $500[.]"
{¶ 23} We agree that the trial court's denial of Appellant's Crim.R. 29 motion was based on an erroneous application of the statutory provisions relevant to calculating the value of property or amount of physical harm. When computing the value or amount of physical harm involved for purposes of determining whether a violation of R.C.2909.03(A)(1) is a fourth degree felony, the trial court must employ the criteria set forth at R.C 2909.11(B):
{¶ 24} "(B) The following criteria shall be used in determining the value of property or amount of physical harm involved in a violation of [R.C. 2909.03(A)(1)]:
{¶ 25} " ***
{¶ 26} "(2) If *** the physical harm is such that the property can be restored substantially to its former condition, the amount of physical harm involved is the reasonable cost of restoring the property.
{¶ 27} "(3) If *** the physical harm is such that the property cannot be restored substantially to its former condition, the value of the property, in the case of personal property, is the cost of replacing the property with new property of like kind and quality, and, in the case of real property or real property fixtures, is the difference in the fair market value of the property immediately before and immediately after the offense."
{¶ 28} The statutory scheme set forth at R.C. 2909.11(B)(2) — (3) prescribes three different methods for computing "the value of the property or the amount of the physical harm involved" for the purpose of determining whether the five hundred dollar threshold at R.C.2909.03(B)(2)(b) has been met. Where property can be "restored substantially to its former condition," then the amount of physical harm is the reasonable cost of restoration. R.C. 2909.11(B)(2). If, however, the physical harm done to the property is such that restoration is impossible, then the value of the property is its replacement cost for personalty, and "the difference in the fair market value of the property immediately before and immediately after the offense" for realty. R.C.2909.11(B)(3).
{¶ 29} The legislative committee comment to the original version of R.C. 2909.11 reveals that the intent of carefully defining the "value of the property" and the "amount of the physical harm involved" was to correlate the seriousness of the offense with the actual damage to the property:
{¶ 30} "This section specifies four different criteria for determining the value of property or the amount of damage done. In each case, the criteria are designed to peg the seriousness of arson *** as closely as possible to the actual loss incurred by the owner of the property as a result of the offense. *** In the case of property which can be repaired or restored, the reasonable cost of repair or restoration is the criterion. On the theory that in the usual case the owner of personal property which can't be repaired must either buy a new replacement or do without, the value of the damaged property is the cost of replacing it with new property of like kind and quality. Replacement cost is also used in such cases partly because of the practical difficulties in making reliable appraisals of personalty." Committee Comment to Am.Sub.H.B. No. 511, R.C. 2909.11.
{¶ 31} In applying R.C. 2909.11(B) to the elevated penalty specification at R.C. 2909.03(B)(2)(b), we are also guided by the rule of construction set forth at R.C. 2901.04: "[S]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state and liberally construed in favor of the accused."
{¶ 32} Rather than conducting the analysis set forth at R.C.2909.11(B), the trial court in the instant case merely substituted Mr. Bixler's testimony that the value of his property was $28,500 immediately before the arson. In so doing, the court failed to adhere to the statute's directive that the criteria therein "shall be used" in determining the value of property or the amount of physical harm involved in violations of R.C. 2909.03(A)(1). R.C. 2909.11(B). The court's failure to follow R.C. 2909.11(B) also eviscerated the intent of the statutory formula as expressed in the legislative committee comment, i.e., linking the seriousness of the offense to the amount of damage incurred by the property owner.
{¶ 33} The evidence in the record demonstrates that the damage from the fire was limited to an approximately twelve-inch hole burned through a piece of latticework. Mr. Peterman, an employee of the fire marshal's department who was on the scene, testified that he estimated in his report that the cost of the damage from the fire was three hundred dollars. Mr. Peterman's three hundred dollar estimate might reasonably be construed as either the cost of restoration pursuant to R.C. 2909.11(B)(2), or the cost of replacement of the latticework as personalty pursuant to R.C. 2909.11(B)(3). Neither construction, however, yields sufficient evidence that the value of the property or the amount of physical harm involved is five hundred dollars or more. See R.C. 2903.03(B)(2)(b). Furthermore, there was no evidence adduced at trial regarding "the difference in the fair market value of the property immediately before and immediately after the offense." See R.C. 2909.11(B)(3).
{¶ 34} Accordingly, there was insufficient evidence from which the court could conclude that the five hundred dollar threshold at R.C.2903.03(B)(2)(b) had been satisfied. The court therefore erred in denying Appellant's motion for acquittal on the charge that the amount of physical harm or value of the property involved was five hundred dollars or more. Appellant's second assignment of error is well taken.
 Assignment of Error Number One
{¶ 35} "THE TRIAL COURT'S FINDING THAT THE VALUE OF THE PROPERTY OR THE AMOUNT OF THE PHYSICAL HARM INVOLVED WAS FIVE HUNDRED DOLLARS OR MORE WAS BASED ON A MISINTERPRETATION OF [R.C. 2909.11], WHEREAS UNDER A CORRECT READING OF THE STATUTE THE FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THEREFORE, THE DEFENDANT WAS IMPROPERLY CONVICTED OF A FOURTH DEGREE FELONY INSTEAD OF A FIRST DEGREE MISDEMEANOR."
{¶ 36} In his first assignment of error, Appellant has argued that the trial court's finding that the value of the property or amount of physical harm involved was five hundred dollars or more is against the manifest weight of the evidence, and the seriousness of his offense was thereby improperly elevated to a fourth degree felony. As Appellant has only challenged the five hundred dollar threshold finding, and not his conviction for arson pursuant to R.C. 2903.03(A)(1), we need not address Appellant's first assignment of error based on our disposition of his second assignment of error. See App.R. 12(A)(1)(c).
 III.
{¶ 37} Appellant's second assignment of error is sustained; we need not address his first assignment of error. Appellant's conviction for arson pursuant to R.C. 2909.03(A)(1) is affirmed, the finding that the value of the property or the amount of physical harm involved is five hundred dollars or more pursuant to R.C. 2909.03(B)(2)(b) is reversed, and the cause is remanded for further proceedings consistent with this decision.
BAIRD, P.J. and BATCHELDER, J. CONCUR.